MERRITT, Circuit Judge,
concurring.
I agree with my colleagues that the Eighth Amendment, as currently interpreted by the Supreme Court, does not authorize us to deviate from the congres-sionally mandated 30-year sentence. But I also agree with Judge Edgar below that the sentence he had to impose is much too long. The only solution to the overly-long sentence that I can think of would be the reduction in the term of imprisonment as a result of a motion by the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A). I find no legal authority recognizing scientific studies and authority about where the line should be drawn in sentencing these young adults. But recent literature shows that the plasticity of the young adult brain (age 18-21) is almost as great as the child’s brain. Clearly mandatory 30-year sentences should not be used. See Laurence Steinberg, Age of Opportunity: Lessons from the New Science of Adolescence (2015). A recent report by the MacArthur Foundation Research Network on Law and Neuroscience, How Should Justice Policy Treat Young Offenders? (February 2017) says:
Young adults do commit a disproportionate amount of the nation’s crime. In fact, arrests and recidivism peak in this age group. Yet we know relatively little about the developmental factors that may contribute to this phenomenon.
Judges should be given leeway in sentencing people like LaFond and not be bound by the straight-jacket that long, unjust mandatory minimums create.